IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DR. ANILA DAULATZAI, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-0590 |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

In this suit, Plaintiff alleges she was forcibly removed from a Southwest Airlines flight traveling from Baltimore to Los Angeles on September 26, 2017. (*See* First Am. Compl. ¶ 19, ECF No. 3.) She further alleges this removal was racially motivated and has sued Southwest Airlines and the State of Maryland (collectively, "Defendants") for various torts and constitutional violations. (*Id.* at 6–12.) Currently pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 28). The motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, an Order will issue granting Plaintiff's Motion for Leave to File a Second Amended Complaint and further directing the parties regarding the briefing schedule for dispositive motions related to the Second Amended Complaint.

At this stage, the parties contest two points: (1) whether the filing of Plaintiff's third Complaint constitutes an "other amendment" subject to the consent or leave requirement of Federal Rule of Civil Procedure 15(a)(2); and (2) if so, whether leave to file the Second Amended Complaint is appropriate in this case. The Court concludes that Plaintiff is required to

1

seek leave to file the pending Complaint, but that leave should be granted because Defendants have failed to show that amendment would be futile.

Although this is the second time that Plaintiff seeks to amend her Complaint, it is her first attempt to do so in federal court, as her initial amendment came prior to Defendants' removal of this case. (*See* Not. Removal Ex. 2, ECF No. 1-3.) Her view is that the Federal Rules of Civil Procedure—specifically Rules 15(a)(1) and 81—provide a plaintiff with one opportunity to amend as a matter of course in federal court, irrespective of any prior amendments in state court. (Mot. Leave to Amend Mem. Supp. at 4–5 n.1, ECF No. 28-1.)

To elaborate, Rule 15(a)(1) permits a plaintiff to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Because the Federal Rules apply to a removed action only "after it is removed from a state court," *see* Fed. R. Civ. P. 81(c)(1), Plaintiff argues that Rule 15(a)(1)'s matter of course amendment provision "contemplate[s] that the parties are allowed to amend once as a matter of course in the proceedings in federal court." (Mot. Leave to Amend Mem. Supp. at 4–5.) Defendants, in contrast, emphasize that "[t]he docket in this case already contain[s] an original complaint (Doc. No. 2) and an amended complaint (Doc. No. 3)," meaning that the pending Complaint is a second amended complaint subject to Rule 15(a)(2)'s requirement that a party seeking amendment must obtain the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Other district courts have read Federal Rule of Civil Procedure 15 in the manner urged by both Plaintiff and Defendant. (*Compare* Mot. Leave to Amend Mem. Supp. at 5 (collecting cases allowing matter of course amendment), *with* Opp'n Mot. Amend at 3–4 (collecting cases requiring leave).)

This Court concludes that the better reading of the relevant rules requires Plaintiff to seek leave to amend her Complaint, even though her previous amendment occurred in state court.

2

First, Plaintiff's position adds a limitation that is not in the plain language of Federal Rule 15, which uses the generalized terms "amendment" and "amend" without specifying that such an amendment need occur *under the federal rules*. *See* Fed. R. Civ. P. 15. Second, this Court reads Rule 15 against background principles of federalism, which require a federal court to "treat the pre-removal state court proceedings as if they occurred before [the federal court]." *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 669 (E.D. Va. 2004). Taken together, these points confirm that Plaintiff, for purposes of Rule 15, is currently seeking to amend her Complaint for a second time. Because Rule 15 is indifferent to whether the prior amendments to a complaint were sought under the Federal Rules, Plaintiff's amendment falls into the category of "all other cases, [where] a party may amend only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Lacking the former, Plaintiff must seek the latter.

As an alternative to her claim that she may amend her Complaint as a matter of course, Plaintiff seeks leave to amend. (Mot. Amend at 5–6.) "[I]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Everett v. Prison Health Servs.*, 412 F. App'x 604, 606 (4th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants argue that leave to amend should be denied because any amendment would be futile. (Opp'n Mot. Amend at 4.) In support of this argument, they attach as exhibits "the Motion[s] to Dismiss that they would file in response to the Second Amended Complaint if leave were granted." (*Id.*; *see also* ECF Nos. 29-1, 29-2.)

An amendment to a complaint is futile "when the proposed amendment is clearly insufficient and frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020). One form of insufficiency is where "the proposed amended complaint fails to satisfy the federal rules," because it "does not properly state a claim under Rule 12(b)(6)." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). However, claims of futility based on susceptibility to dismissal under Rule 12(b)(6) must identify deficiencies that are "obvious on the face of the proposed amendment." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). For example, the Fourth Circuit has affirmed denials of leave to amend on futility grounds where a plaintiff's putative amendments raised frivolous legal theories or had readily apparent factual flaws. *See Harris v. Salley*, 339 F. App'x 281, 283 (4th Cir. 2009) (affirming denial of leave to amend to add equal protection claims seeking to require "that several putative defendants cooperate to ensure [a] criminal prosecution"); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (affirming denial of leave where amended claims would be clearly subject to "liability waivers [that] preclude recovery"). Conversely, the Fourth Circuit has not found amendment to be futile where "[t]he complexity of the arguments advanced by counsel on both sides indicates the issue . . . is not obviously frivolous." *Johnson*, 785 F.2d at 511.

Even a brief review of Defendants' proposed motions to dismiss confirms that Plaintiff's proposed Second Amended Complaint is not so facially deficient as to be futile. Defendants' motions contain more than forty pages of substantive arguments and suggest that the resolution of Plaintiff's claims implicates complex questions including, but hardly limited to, preemption under the Airline Deregulation Act, 49 U.S.C. § 41713(b); the (newly modified) pleading standards under 42 U.S.C. § 1981; and Southwest's statutory immunity under 49 U.S.C. § 44902.

4

(*See* ECF No. 29-1 at 30–31; ECF No. 29-2 at 7–15, 26–27.) A complaint that requires a reticulated analysis of multiple complex statutes to potentially reveal its failure to state viable claims is not "clearly insufficient and frivolous on its face." *Miller*, 813 F. App'x at 880. While the Court does not prejudge the ultimate merits of Defendants' motions to dismiss, those motions are more appropriately resolved by granting Plaintiff's requested amendment and subjecting that amendment to fully briefed dispositive motions.

Based on the parties' filings, the Court believes this case can be promptly placed in the requisite posture. Plaintiff has already filed the substance of her Second Amended Complaint and Defendants have represented that the motions attached to their briefing are the motions "they would file in response to the Second Amended Complaint if leave were granted." (Opp'n Mot. Amend at 4.) Thus, the Court's order will expedite the first half of the dispositive motions process by directing Plaintiff to re-file her Second Amended Complaint within seven (7) days. Defendants must file any motions to dismiss within seven (7) days of Plaintiff's filing. Further briefing will be subject to the ordinary deadlines for responses and replies before this Court. *See* Local Rule 105.2 (D. Md. 2018).

Accordingly, an Order will enter granting Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 28) and further directing the parties consistent with this Memorandum.

DATED this 30 day of June, 2021.

BY THE COURT:

James K. Bredar
Chief Judge