**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DR. ANILA DAULATZAI,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| | * | **CIVIL NO. JKB–21–0590** |
| **STATE OF MARYLAND,** *et al.,* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On August 26, 2021, the Court granted both Defendants' unopposed Motions to Dismiss Plaintiff's Second Amended Complaint. (*See* ECF Nos. 45, 46.) Although Plaintiff noted a timely appeal from that dismissal (ECF No. 52), she has now filed a Motion for Relief from the Court's August 26, 2021 Opinion and Order in this Court. (ECF No. 55.) That Motion requests that this Court exercise its authority under Federal Rule of Civil Procedure 60(b) to amend its dismissal Order to (1) vacate its dismissal of Plaintiff's claims for malicious prosecution and related constitutional claims; and (2) clarify its dismissal Order to confirm that the dismissal of Plaintiff's Second Amended Complaint was without prejudice and to permit Plaintiff to file a Third Amended Complaint. (*See* ECF No. 55 at 3–4.) For the reasons below, Plaintiff's Motion is denied and the Court finds that it lacks jurisdiction to consider the aspects of Plaintiff's Motion related to the filing of a Third Amended Complaint and therefore issues an indicative ruling under Federal Rule of Civil Procedure 62.1 with respect to that part of the Motion.

## I.   *Jurisdiction*

As a preliminary matter, the Court must consider its jurisdiction to consider the merits of this Motion. Generally, "a timely filed notice of appeal transfers jurisdiction of a case to the court

1

of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). This rule is subject to "limited exceptions ... confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between the trial and appellate courts, including where the district court "take[s] actions that aids the appellate process." *Id.* (citing *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)).

In *Fobian*, the Fourth Circuit considered whether and when a district court's exercise of jurisdiction over a Rule 60(b) motion is appropriately deemed "in aid of the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999). Assessing questions of "judicial economy and district court expertise," the *Fobian* court concluded that where "a Rule 60(b) motion is frivolous, a district court can promptly deny it without disturbing appellate jurisdiction over the underlying judgment. Swift denial of a Rule 60(b) motion permits an appeal from that denial to be consolidated with the underlying appeal . . . preserves judicial resources and eliminates unnecessary expense and delay, and therefore is surely in aid of the appeal." *Id.* (internal quotation marks and citation omitted). In contrast, more complex considerations lead it to conclude that "when a district court is inclined to grant a Rule 60(b) motion during the pendency of an appeal" the district court should not exercise jurisdiction over the substance of the motion but rather should "indicate its inclination to grant the motion in writing."[1] *Id.* at 891. This indicative vehicle is now

---

[1] *Fobian* is ambiguous as to whether a district court's inability to grant a Rule 60(b) motion during the pendency of an appeal is a jurisdictional bar or a prudential best practice. On the one hand, the court holds that "allowing a district court to grant a Rule 60(b) motion while an appeal from the judgment is pending cannot be considered in furtherance of the appeal." *Fobian*, 164 F.3d at 891. This suggests that it falls outside the exception for "action[s] that aid[] the appellate process" and within the ordinary rule that an appeal "strips a district court of jurisdiction to rule." *Doe*, 749 F.3d at 258. However, *Fobian* concludes that "[i]n sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion," regardless of the court's view as to the merits. Ultimately this distinction is largely academic in this case—even if this Court had jurisdiction to consider the latter half of Plaintiff's 60(b) Motion, it would decline consideration of the merits and issue the same indicative order. *See* Fed. R. Civ. P. 62.1 (permitting indicative rulings on motions where the court "lacks authority to grant" the motion).

2

formally codified in Federal Rule of Civil Procedure 62.1. Applying this jurisdictional framework, the Court concludes that it may exercise jurisdiction over part of Plaintiff's Rule 60(b) motion.

### I.     Heck Bar

In dismissing Plaintiff's Second Amended Complaint, the Court concluded that the probation before judgment entered against Plaintiff barred her claims for malicious prosecution under the common law, 42 U.S.C. § 1983, and Articles 24 and 26 of the Maryland Declaration of Rights (collectively, the "malicious prosecution claims"). (*See* ECF No. 45 at 8–9.) Plaintiff's first requested amendment argues that the Court erred in reaching this conclusion. This grounds for reconsideration is frivolous. Accordingly, the Court will exercise jurisdiction over this portion of Plaintiff's Rule 60(b) Motion and deny relief.

As previously explained, to establish a claim for malicious prosecution, a Plaintiff must allege: "(1) a criminal proceeding instituted or continued by defendant against the plaintiff; (2) without probable cause; (3) with malice, or with a motive other than to bring the offender to justice; and (4) termination of the proceeding in favor of the plaintiff." *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000). In its prior memorandum, the Court concluded that, because she received a probation before judgment on those charges, Plaintiff had failed to establish that the proceedings on her disorderly conduct charge terminated in her favor. (ECF No. 45 at 8–9.) Plaintiff argues that this was error because "Dr. Daulatzai received probation before judgment on the disorderly conduct charge without the state judge finding her guilty or entering a judgment of guilt against her." (ECF No. 55-1 at 3.) Because there was no judgment of guilt against her, she avers that her probation before judgment "does not conclusively establish that the state criminal proceedings did not terminate in her favor." (*Id.* at 5.) She further accuses Defendants of deliberately misleading the Court (and the Court of being mislead) in reaching the contrary conclusion. (*Id.* at 5–6 (requesting

3

relief under Rule 60(b)(3) which allows for relief on a showing of "fraud . . . misrepresentation, or misconduct by an opposing party").)

While the question Plaintiff hotly disputes is ultimately irrelevant, *see infra* Part I.B, the serious accusations she makes against Defendants compels the Court to clarify the scope of the judicial notice taken in its prior opinion.

### A. *Scope of Judicial Notice*

The Court took notice of one adjudicative fact in reaching its prior conclusion: that Plaintiff received a probation before judgment on the charge of disorderly conduct. (*See* ECF No. 41-2 at 9; *see also* ECF No. 55-3 ¶ 55 (pleading in a proposed third amended complaint that "[t]he state judge accepted Dr. Daulatzai's plea and imposed probation before judgment").) Plaintiff does not dispute this fact. A probation before judgment is only permitted under Maryland law "[w]hen a defendant pleads guilty or nolo contendere or is found guilty of a crime."[2] Md. Code Crim. Proc. § 6-220(b)(1); *see also Rudman v. Maryland St. Bd. of Phys.*, 994 A.2d 985, 992 (Md. 2010) (internal quotation marks and citation omitted) ("The probation before judgment statute . . . plainly requires that a determination of guilt must precede the granting of probation before judgment."). Thus, this Court's statement that the state court found Plaintiff guilty is not, as Plaintiff suggests, an improperly noticed adjudicative fact, but rather a conclusion that flows from the legal requirements of a probation before judgment under Maryland law. Because Plaintiff does not dispute the factual predicate—that she received a probation before judgment—her serious allegations regarding the conclusions that flow from that predicate are misplaced.

---

[2] Plaintiff's emphasis of the fact that the state court did not enter a judgment of guilt against her is also readily explained by reference to the probation before judgment statute. Md. Code Crim. Proc. § 6-220(b)(1) (emphasis added) ("When a defendant pleads guilty or nolo contendere or is found guilty of a crime, a court may *stay the entering of judgment*, defer further proceedings, and place the defendant on probation.").

4

### *B. Substance of Plaintiff's Argument*

More importantly, Plaintiff's argument that she plead not guilty is simply orthogonal to the consequences of her probation before judgment on her claim of malicious prosecution. Under *Heck v. Humphreys*, "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or otherwise invalidated." *Coster v. Maryland*, Civ. No. GLR-21-0065, 2021 WL 5605027, at *8 (D. Md. Nov. 30, 2021) (quoting *Heck v. Humphreys*, 512 U.S. 477, 486–87 (1994)).[3] Plaintiff has not alleged that her probation before judgment has been rendered invalid and it simply "does not matter in the *Heck* context that [she] pleaded not guilty. . . . The *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained." *Id.* (quoting *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015)).

Although the Fourth Circuit has not squarely answered the question whether a probation before judgment constitutes a conviction (and therefore an unfavorable termination) for purposes of *Heck*, the other court in this district to consider the question has concluded that it does. *Stutzman v. Krenik*, 350 F. Supp. 3d 366, 379 (D. Md. 2018) (citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007)). In addition to that court's persuasive explanation, the Fourth Circuit has also confirmed that "[t]he favorable termination element . . . is satisfied when the 'criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence.'" *Salley v. Myers*, 971 F.3d 308, 313 (4th Cir. 2020) (quoting *Snider v. Seung Lee*, 584

---

[3] Though the Court's reasoning here is framed in terms of *Heck*, which was decided in the context of § 1983 claims, the same result obtains for Plaintiff's common law malicious prosecution claim because it has been long established in Maryland that "in an action of malicious prosecution for a criminal offense, the conviction of the traverser is commonly conclusive proof of probable cause," negating the second element of a successful malicious prosecution claim. *Owens v. Graetzel*, 132 A. 265, 267–68 (Md. 1926).

F.3d 193, 202 (4th Cir. 2009)). It therefore seems impossible to conclude that a probation before judgment, which requires an affirmative finding of guilt by the state court, constitutes a favorable termination. Md. Code Crim. Proc. § 6-220(b)(1); *see also Rudman v. Maryland St. Bd. of Phys.*, 994 A.2d 985, 992 (Md. 2010) (internal quotation marks and citation omitted) ("The probation before judgment statute . . . plainly requires that a determination of guilt must precede the granting of probation before judgment.")

This reasoning is consistent with the Maryland common law of malicious prosecution. Under Maryland law, "criminal proceedings are regarded as terminated in favor of the accused upon a discharge of the accused by a magistrate (in Maryland, a judge) at a preliminary hearing, refusal of a grand jury to indict, 'the formal abandonment of the proceedings by the public prosecutor,' quashing of an indictment or information, acquittal, or a final order in favor of the accused by a trial of appellate court." *State v. Meade*, 647 A.2d 830, 838–39 (1994). Although this list is not exhaustive, the Court of Appeals of Maryland has rejected the argument that a "stet" which leaves "guilt or innocence [ ] undetermined in the criminal action" constitutes a favorable termination. *Id.* at 840. Thus, under Maryland law, it seems equally illogical to conclude that a probation before judgment could be deemed a favorable termination.

Plaintiff attempts to argue the contrary, relying on *Zinkand v. Brown*, 478 F.3d 634 (4th Cir. 2007). *Zinkand*, however, simply does not deal with the questions relevant here. Rather, it addresses whether an *Alford* plea in an underlying criminal prosecution judicially estops a civil rights plaintiff from later bringing a claim for excessive force. *Id.* at 638. Because favorable termination is not an element of excessive force, *Zinkand* does not address questions relevant here and, indeed, does not even cite *Heck* or any of its progeny.[4] In contrast, courts of appeals and

---

[4] The facts of *Zinkand* plainly fall into the *Heck* exception for "action[s that] even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Heck*, 512 U.S. at 487 (emphasis in original).

6

courts in this district that have considered the question have squarely confirmed "that a conviction based on an *Alford* plea can be used to impose *Heck's* favorable termination rule." *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006); *see also Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016); *Green v. Chvala*, 567 F. App'x 458, 459 (7th Cir. 2014); *Coster*, 2021 WL 5605027, at *9. Thus, analogizing Plaintiff's probation before judgment to an *Alford* plea only confirms this Court's conclusion that it bars her claim for malicious prosecution.

## *II.  Dismissal Without Prejudice and Leave to File Third Amended Complaint*

In the alternative, Plaintiff requests that this Court "revise its Opinion and Order to clarify that the dismissal of Dr. Daulatzai's case is without prejudice and to expressly grant her leave to file the proposed Third Amended Complaint submitted with this Motion." (ECF No. 55-1 at 7.) However, Federal Rule of Civil Procedure 41(b) states that "[u]nless the dismissal order states otherwise . . . any dismissal not under this rule . . . operates as an adjudication on the merits." Thus, the question raised by Plaintiff's Motion is whether this Court should reopen this case to permit her to file a Third Amended Complaint.

### *A. Propriety of an Indicative Ruling*

Although the Court is doubtful of its merits, this Motion is not "frivolous" such that this Court "can promptly deny it without disturbing appellate jurisdiction over the underlying judgment." *Fobian*, 164 F.3d at 891. As such, this Court concludes that it lacks jurisdiction to consider the merits of this Motion while closely related matters remain pending on appeal. *Id.* However, because of the unusual procedural posture of this case, the Court believes that this

---

Logically, police officers may have had probable cause to arrest a civil rights plaintiff but still used excessive force in doing so. *Id.* at n.7 ("For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."). Thus, on the facts of *Zinkand, Heck* would likely be inapplicable, but for reasons that are not presented here.

7

Motion "raises [] substantial issues" related to judicial efficiency and shall issue an indicative order. Fed. R. Civ. P. 62.1; *see also Doe*, 749 F.3d at 258 (explaining that district courts should act on motions filed during the pendency of an appeal to "promote judicial efficiency and facilitate the division of labor between trial and appellate courts"). The Court wishes to be clear, however, that its identification of "substantial issues" raised by Plaintiff's Motion is not suggestive that this Court is inclined to grant such a motion on remand.

Rather, as explained in the committee notes to Federal Rule of Civil Procedure 62.1, "a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal."

### B. Substantial Issues Raised by Plaintiff's Motion

In its previous memorandum permitting Plaintiff to file a Second Amended Complaint, this Court explained that "Plaintiff's claims implicate[] complex questions" that would benefit from "fully briefed dispositive motions." (*See* ECF No. 38 at 4–5.) Despite this admonition, Plaintiff failed to oppose Defendants' Motions to Dismiss, leading to a dismissal that did not benefit from adversarial presentation of the issues. Ordinarily, this would not present a problem as—at this stage in the proceedings—those issues may be presented to the Court of Appeals as readily as to this Court. However, this Court wishes to flag two issues that may warrant remand if the Court of

Appeals differs from this Court in its assessment of the merits of Plaintiff's Second or Third Amended Complaints.

First, where a Plaintiff fails to oppose a motion to dismiss, the district court is "entitled, as authorized, to rule on the [ ] motion and dismiss [the] suit on the uncontroverted bases asserted therein." *Pueschel v. U.S.*, 369 F.3d 345, 354 (4th Cir. 2004); *see also White v. Wal Mart Stores, Inc.*, Civ. No. ELH-14-0031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (collecting district court cases following this practice). Generally, courts will only deny unopposed motions to dismiss "when the motion is plainly lacking in merit." *White*, 2014 WL 1369609, at *2; *see also United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). This procedural gloss may preclude the Court of Appeals from fully considering the legal issues presented in this case on their merits. This includes issues that would likely benefit from review and exposition, such as the scope of preemption under the Airline Deregulation Act, 49 U.S.C. § 41713(b). (*See* ECF No. 45 (relying primarily on law from other circuits).) Assuming Plaintiff can establish excusable neglect for her failure to file a timely opposition to the Motions to Dismiss,[5] remand for the limited purpose of providing full adversarial testing of those Motions may be beneficial to (or negate the need for) appellate review.

Second, Plaintiff's filing of a proposed Third Amended Complaint adds another complication. It creates a potential circumstance where the Court of Appeals affirms dismissal of her Second Amended Complaint only to have this Court render that decision moot by reopening the case to allow the filing of a Third Amended Complaint. This risk is potentially acute, as Plaintiff suggests the Third Amended Complaint "cures all of the defects the Court noted in

---

[5] Plaintiff filed an *ex parte* Motion that established good cause for extending the time to appeal this matter (*see* ECF Nos. 48, 51), though Plaintiff has not suggested that those same issues caused her failure to oppose the Motions to Dismiss.

9

dismissing Dr. Daulatzai's claims and all other alleged deficiencies Defendants pointed out in the motions to dismiss." (ECF No. 55-1 at 7.)

That said, having reviewed the Third Amended Complaint, the Court is doubtful that it alleges sufficiently distinct facts to alter the viability of Plaintiff's claims. However, given the appellate briefing schedule in this case, and the associated need for an expeditious order, the Court has not reached an adamantly firm conclusion as to the Third Amended Complaint's potential merits. *See Daulatzai v. Maryland*, App. No. 21-2214, ECF No. 3 (4th Cir. Oct. 26, 2021) (setting deadline for opening briefs on December 6, 2021).

At bottom, however, this Court is disinclined to extricate Plaintiff from a procedural posture of her own making absent extraordinary circumstances. Defendants have diligently litigated this matter to a resolution in this Court and the prejudice of requiring them to move for dismissal a fourth time must certainly be considered. Combined with this Court's view that, absent additional guidance from the Fourth Circuit, Plaintiff likely fails to state a claim, this Court does not believe remand is warranted. That said, the state of this case is sufficiently unusual that this Court would be remiss if it did not fully express its view on these matters to ensure effective coordination between itself and the Court of Appeals.

### *III.   Conclusion*

For the foregoing reasons, Plaintiff's Motion for Relief from the Court's August 26, 2021 Opinion and Order (ECF No. 55) is DENIED. Further, the Court FINDS that it lacks jurisdiction to consider the aspects of Plaintiff's Motion related to the filing of a Third Amended Complaint and accordingly ISSUES an indicative ruling with respect to that part of the Motion.

DATED this \_\_3\_\_ day of December, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge